IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JIMARIO DAMARCUS BURTON                                                          PLAINTIFF

v.                                     Case No. 1:23-cv-01042

JAIL ADMINISTRATOR GEAN SIEGER;
ASSISTANT JAIL ADMINISTRATOR
AALIYAH ROSE; and JAILER DEYTON
GRAVES                                                                          DEFENDANTS

## ORDER

On May 12, 2023, Plaintiff Jimario Damarcus Burton, who is representing himself in this matter, submitted this 42 U.S.C. § 1983 action. The Court provisionally filed Plaintiff's Complaint until his *in forma pauperis* ("IFP") status could be determined. (ECF No. 3). Plaintiff was granted IFP status on July 12, 2023. (ECF No. 9). Currently before the Court is Plaintiff's failure to comply with Orders of the Court and to prosecute this matter.

On September 20, 2023, Defendants filed a Motion for Summary Judgment on the limited issue of exhaustion.[1] (ECF No. 15). The Court then directed Plaintiff to respond to the Motion for Summary Judgment by October 12, 2023. (ECF No. 18). This Order was not returned as undeliverable mail. Plaintiff did not respond.

On October 13, 2023, the Court entered an Order to show cause why Plaintiff failed to respond to Defendants' Motion for Summary Judgment on the issue of exhaustion. (ECF No. 19). This Order to show cause was not returned as undeliverable, and Plaintiff did not respond by the

---

[1] This Motion was filed pursuant to the Court's August 10, 2023 Bench Order which stayed all discovery until the issue of exhaustion was resolved. (ECF No. 14). Accordingly, no discovery has been conducted in this matter, and the pending Motion for Summary Judgment addresses the issue of exhaustion alone.

deadline of November 3, 2023. Plaintiff has not communicated with the Court since June 20, 2023, when he filed his completed IFP Application. (ECF No. 7).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

A dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.* Here, Plaintiff has failed to prosecute this case and to comply with the Court's Orders. However, the Court does not find dismissal with prejudice is warranted here. While Defendants have filed a Motion for Summary Judgment, it only addresses the issue of exhaustion. Further, no resources have been expended on lengthy discovery or litigation at this juncture. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of April, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge